IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDWIN KENNER LYON, #1463298,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-690-G-BK |
| | § | |
| **ROBEN BLUNT,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be **DIMISSED** *sua sponte* for want of jurisdiction.

**I.    BACKGROUND**

Plaintiff Edwin Kenner Lyon, a state inmate, filed a *pro se Complaint* against Roben Blunt, his granddaughter's foster mother, for violating "the rule" regarding sequestration of witnesses. Doc. 3 at 1. He avers *in toto*:

> After the Judge Ordered the "RULE Invoked" Mrs. Blunt left the court with my granddaughter, then Mrs. Blunt immediately brought my granddaughter to the door of the court and pointe[d] me out as the person that she was to point to when asked who touched her, a total violation of the Rule. By this error Mrs. Blunt violated the Plaintiff's 14th Amendment Right to a Fair Trial. Mrs. Blunt was acting in her individual capacity and Under Color of Law.

Doc. 3 at 4. Lyon requests $250,000.00 in punitive damages. *Id.*

In the *Answers to Magistrate Judge's Questionnaire*, Lyon admits that he was convicted in Ellis County, Texas, of indecency with a child and sentenced to 20 years' imprisonment. Doc. 6 at 1, 3. The victim was his five year-old granddaughter. *See Lyon v. State*, No. 10-07-00251-CR, 008 WL 2133065, at *1 (Tex. App.--Waco, May 21, 2008, pet. ref'd) (affirming conviction

of indecency with child); *Lyon v. Thaler*, No. 3-10-CV-899-B-BD, 2011 WL 3647910, at *1 (N.D. Tex. June 3, 2011), *R. & R. accepted*, 2011 WL 3648088 (N.D. Tex. Aug. 16, 2011) (denying federal habeas petition).

## II. ANALYSIS

Although Lyon paid the filing fee, the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Lyon's *Complaint* with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Lyon has not alleged facts that could be construed to establish federal question or diversity jurisdiction.

2

The *Complaint*, as supplemented by the *Answers to Magistrate Judge's Questionnaire*, plainly fails to present a federal cause of action. While the allegations in the *Complaint* are made on the form provided for filing a prisoner civil rights action, Lyon cannot satisfy the requirements of 42 U.S.C. § 1983 that the defendant must have acted under color of state law, since Defendant Blunt is a private citizen,.[1] *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (section 1983 does not reach "private conduct, no matter how discriminatory or wrongful"). Lyon's bare assertion that "[t]he Assistant District Attorney let Mrs. Blunt do this [violate "the rule"] knowing that it was against the law" does not allege, let alone prove, that Blunt's ostensible action was fairly attributable to the state or that she acted in concert with a state actor to deprive Lyon of his rights. Doc. 6 at 2; *see Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) ("a private citizen may be a state actor . . . if she 'is involved in a conspiracy or participates in joint activity with state actors'" (quoted case omitted)); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (finding no section 1983 liability absent allegation that non-governmental defendants acted in concert with a governmental entity to deprive the plaintiff of his rights).

Likewise, Lyon fails to meet the requisite burden of establishing subject matter jurisdiction based on the parties' complete diversity of citizenship. Lyon and Blunt, both Texas residents, share the same state of citizenship.[2] *See Corfield v. Dallas Glen Hills LP*, 355 F.3d

---

[1] To pursue a section 1983 claim, the plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Because Plaintiff was convicted in Texas where he presumably resided, he is deemed to be a Texas citizen for purposes of diversity jurisdiction. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247-48 (3d Cir. 2013) ("Prisoners presumptively retain their prior citizenship when the gates close behind them."); *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (same).

853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). Therefore, this action should be dismissed *sua sponte* for lack of subject matter jurisdiction.[3]

### III.     LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Lyon clearly demonstrate a lack of subject matter jurisdiction. In addition, the Court has already given Lyon the opportunity to supplement his *Complaint* by his *Answers to Magistrate Judge's Questionnaire*. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV.     CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED**, August 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Even assuming jurisdiction, Plaintiff's claim against Blunt implies the invalidity of his conviction; thus, it is barred unless the conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87(1994). In the *Answers to Magistrate Judge's Questionnaire*, Plaintiff concedes that his state conviction for indecency with a child has not been reversed or otherwise called into question. Doc. 6 at 4.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE